ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **VEREMUNDO QUIÑONES ALLENDE, LYDÍA ELOISA QUIÑONES MATOS T/C/C ELOISA MATOS, ET. ALS.** <br> DEMANDANTE(S)-PETICIONARIA(S) <br><br> V. <br><br> **ISRAEL QUIÑONES MESTRE; MARGARITA MESTRE DÍAZ, CARL ROY LEYVA RAMOS; BANCO POPULAR DE PUERTO RICO, JOSÉ FRANCISCO Y FRANCISCO JOSÉ AMBOS MASSÓ TORRELLAS; PR ASSET PORTFOLIO 2013-1 INTERNATIONAL, LLC; PR ASSET PORTFOLIO 2013-1 INTERNATIONAL SUB II, LLC; MERIDO DE JESÚS TORRES ESPINAL; HEREDEROS DE MIGUEL ÁNGEL DEL VALLE ESCOBAR Y DE JOSÉ MIGUEL DEL VALLE LÓPEZ, ET ALS.** <br> DEMANDADA(S)-RECURRIDA(S) <br><br> **MARGARITA MESTRE DÍAZ T/C/C MARGARITA QUIÑONES ET. ALS.** <br> DEMANDADA(S)/DEMANDANTE(S) CONTRA TERCEROS-RECURRIDA(S) <br><br> V. <br><br> **CARL ROY LEYVA RAMOS; MIGUEL ÁNGEL DEL VALLE ESCOBAR, ET ALS.** <br> TERCEROS DEMANDADOS-RECURRIDA(S) <br><br> **LOWNDES DROSDICK, DOSTER, KANTOR & REED, P.A. T/C/P LOWNDES, LLC** <br> PARTE INTERVENTORA-RECURRIDA | **KLCE202300409** | ***CERTIORARI*** <br> procedente del Tribunal de Primera Instancia, Sala Superior de **CAROLINA** <br><br><br> Caso Núm. <br> **F AC2008-3535 (406)** <br><br><br> Sobre: Partición de Herencia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Ortiz Flores.[1]

---

[1] En virtud de la *Orden Administrativa OATA-2025-019* de 10 de febrero de 2025, la Jueza Ortiz Flores sustituyó a la Jueza Rivera Pérez quien cesó de ejercer funciones en el Tribunal de Apelaciones.

*Barresi Ramos*, juez ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 30 de junio de 2025.

Comparecen ante este Tribunal de Apelaciones, los señores **VEREMUNDO QUIÑONES ALLENDE, CARLOS QUIÑONES, WILMA QUIÑONES, LYDIA QUIÑONES** y **EDMUNDO QUIÑONES** (señores **QUIÑONES**) mediante *Petición de Certiorari* interpuesta el 13 de abril de 2023. En su recurso, nos solicitan que revisemos la *Resolución* expedida el 26 de septiembre de 2022 por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina.[2] Mediante la aludida decisión, el foro de instancia reiteró la determinación de descalificar al LCDO. ORLANDO I. MARTÍNEZ GARCÍA (señor MARTÍNEZ GARCÍA) como representación legal de los señores **QUIÑONES**. Asimismo, ordenó a los señores **QUIÑONES** a contratar y anunciar una nueva representación legal no más tarde de los cuarenta y cinco (45) días siguientes en que adviniera final y firme.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

### - I -

Para el año 2018, luego de diez (10) años trabajando este caso, la licenciada Carmen N. Quiñones Núñez, representación legal de los señores **QUIÑONES,** decidió renunciar. Ello, por no haber logrado que se realizaran las gestiones básicas referentes a la administración de un caudal hereditario. Así las cosas, el 12 de marzo de 2018, los señores **QUIÑONES** presentaron *Moción Informativa* a los efectos de anunciar su interés en contratar los servicios legales del señor MARTÍNEZ GARCÍA. Ante ello, el 18 de mayo de 2018, el propio señor MARTÍNEZ GARCÍA presentó una *Moción* asumiendo la representación legal de los señores **QUIÑONES**. El 14 de junio de 2018, se declaró con lugar el

---

[2] Apéndice de la *Petición de Certiorari*, págs. 208- 219. Este dictamen judicial fue notificado y archivado en autos el 27 de septiembre de 2022. Por un error de no incluir todas las partes, el 30 de enero de 2023, fue notificada nuevamente. Apéndice de la *Petición de Certiorari*, págs. 46- 48.

petitorio, permitiendo así que el señor MARTÍNEZ GARCÍA representara legalmente a los señores QUIÑONES.

Posteriormente, el señor MARTÍNEZ GARCÍA comenzó a presentar y replicar a escritos. El 5 de mayo de 2021, el licenciado Reynaldo Quiñones Márquez, Comisionado Especial, presentó *Moción del Comisionado Especial/Contador Partidor Solicitando Orden*.[3] En síntesis, informó que prácticamente en todas y cada una de las mociones presentadas por el señor MARTÍNEZ GARCÍA se hacían serias acusaciones e/o imputaciones a las representaciones legales de las otras partes, así como al Comisionado Especial.

Meses después, el 4 de enero de 2022, se dictó *Orden* concediendo un término para que el señor MARTÍNEZ GARCÍA presentara una solicitud de inhibición del licenciado Quiñones Márquez y del juez que presidía la sala en conformidad con las Reglas de Procedimiento Civil de 2009, y sustentara sus alegaciones e imputaciones.[4]

El 28 de marzo de 2022, el señor MARTÍNEZ GARCÍA presentó *Moción Solicitando Enmendar la Demanda para Incluir Partes ante Fraude, Lavado de Bienes y Falta de Medidas Protectoras del Caudal*.[5] Alegó que tanto el BANCO POPULAR DE PUERTO RICO (BPPR), como sus sucesores PRAPI 1, PRAPI 2 y Palm Beach Villas utilizan entidades jurídicas para cometer actos ilegales y fraudulentos. En específico, que las partes incluidas en la *Demanda* se involucraron en la apropiación ilegal de los bienes del caudal hereditario.

El 4 de abril de 2022, el licenciado Quiñones Márquez presentó *Moción del Comisionado Especial/Contador Partidor Reiterando su Solicitud de la Descalificación del Lcdo. Orlando Martínez García como Abogado de los Demandantes.*[6] En su comparecencia, reprodujo su petición para que se descalificara al señor MARTÍNEZ GARCÍA e hizo alusión a que éste incumplió con la *Orden* promulgada el 4 de enero de 2022. Argumentó que el señor

---

[3] Apéndice de la *Petición de Certiorari*, págs. 729- 742.
[4] *Íd.*, págs. 494- 495.
[5] *Íd.*, págs. 416- 435.
[6] *Íd.*, págs. 410- 415.

MARTÍNEZ GARCÍA no tenía intenciones de modificar su conducta ofensiva e irrespetuosa, por lo que procedía su descalificación.

Varios días después, el 21 de abril de 2022, se emitió *Resolución del Tribunal Decretando la Descalificación del Lcdo. Orlando Martínez García como Abogado de los Demandantes en el Caso* mediante la cual se descalificó al señor MARTÍNEZ GARCÍA como abogado de los señores QUIÑONES.[7] Fundamentó su fallo en la existencia de un patrón de conducta ofensiva e irrespetuosa por parte del señor MARTÍNEZ GARCÍA durante el tiempo que asumió la representación legal de los señores QUIÑONES. Agregó que su conducta se convirtió en un obstáculo para la continuación de los procedimientos.

En desacuerdo, el 25 de abril de 2025, el señor MARTÍNEZ GARCÍA, como representación legal de los señores QUIÑONES, presentó una *Moción de Reconsideración a Orden y Resolución del 21 de abril de 2022*.[8] En su escrito, el señor MARTÍNEZ GARCÍA destacó, entre varios asuntos, que su descalificación realmente constituía una represalia prohibida por el Código Anticorrupción de Puerto Rico. Aseguró que las aseveraciones y alegaciones de fraude y corrupción efectuadas se alejan de ser inapropiadas u ofensivas. Finalmente, arguyó que no se le permitió oponerse a la solicitud del Comisionado Especial en relación a la solicitud de descalificación.

Luego de varios meses, el 26 de septiembre de 2022, notificada el 27 de septiembre de 2022, se formuló la *Resolución* impugnada.[9] En lo pertinente, expresó lo siguiente:

> "Conforme con los argumentos expresados en los párrafos anteriores de este escrito, el tribunal declara no ha lugar la solicitud de reconsideración que presentó la parte demandante el 5 de mayo de este año, en consecuencia, el tribunal reitera su determinación de descalificar al Lcdo. Martínez García de la representación legal de la parte demandante. Se ordena a la parte demandante que contrate y anuncie nueva representación legal no más tarde de los 45 días siguientes a que esta resolución advenga final y firme."

---

[7] Apéndice de la *Petición de Certiorari*, págs. 375- 380.
[8] *Íd.*, págs. 354- 372.
[9] *Íd.*, págs. 208- 219.

Inconforme, el señor MARTÍNEZ GARCÍA, como representación legal de los señores QUIÑONES, presentó una *Reconsideración a Resolución y Orden del 26 de septiembre de 2022 Notificada el 27 de septiembre de 2022*.[10] Argumentó, entre otras cosas, que la *Resolución* no fue notificada a todas las partes. El 27 de enero de 2023, notificada el 30 de enero de 2023, se declaró no ha lugar la reconsideración; se ordenó a la Secretaría del Tribunal Superior de Carolina actualizar el registro de notificaciones en el pleito; y notificar nuevamente la *Resolución* dictaminada el 26 de septiembre de 2022.[11]

Cónsono con lo ordenado, el 30 de enero de 2023, se tramitó una *Notificación Enmendada* acompañada con *Resolución* fechada 26 de septiembre de 2022.[12] El 15 de febrero de 2023, el señor MARTÍNEZ GARCÍA, como representación legal de los señores QUIÑONES, presentó una tercera solicitud de reconsideración.[13] El mismo día, BPPR presentó *Oposición de Banco Popular a "Moción de Reconsideración a Resolución del 26 de septiembre de 2022 Cuya Notificación Defectuosa Invalidando la Misma es Enmendada y Notificada el 30 de enero de 2023 Comenzando a Decursarse el Término para Reconsiderar Válido" y Solicitud de Orden*.[14] Empero, el 10 de marzo de 2023, notificada el 14 de marzo de 2023, se resolvió *Orden* declarando no ha lugar y véase *Resolución* de esa fecha.[15]

Insatisfechos, el 13 de abril de 2023, los señores QUIÑONES recurrieron mediante *Petición de Certiorari* ante este foro revisor intermedio señalando el(los) siguiente(s) error(es):

> Erró el TPI al descan[s]ar en recomendaciones del Comisionado Especial que son conclusorias y selectivas

---

[10] Apéndice de la *Petición de Certiorari,* págs. 194- 205.

[11] *Íd.*, págs. 59- 61.

[12] *Íd.*, págs. 46- 58. Las partes que fueron incluidas en la *Notificación Enmendada* de la *Resolución y Orden* de 26 de septiembre de 2022 son las siguientes: Iris Yolanda Dávila Matos; Julia C. Frey (Lcda.); Edgar González Millán; Lcda. Rebeca Mailil Albizu Lizardi; Lcdo. José E. Andino Delgado; Lcdo. Rafael E. Barreto Sola; Lcdo. Hermann D. Bauer Álvarez; Lcdo. Nelson N. Córdova Morales; Lcdo. Gerardo Cruz Maldonado; Lcdo. Ángel Miguel García Prado; Lcdo. Arturo Luciano Delgado; Lcdo. José R. Milán Negrón; Lcda. Gabriela Alejandra Pérez Vélez; Lcdo. Alex M. Rivera Longchamps; Lcda. Rebecca Esther Ruiz Santiago; Lcdo. Héctor A. Santiago Romero; Lcda. Tamara Sosa Pascual; Lcda. Mabel Sotomayor Hernández; Lowndes, Drosdick, Doster, Kantor & Reed y el Lcdo. Greg McNeill.

[13] La susodicha solicitud de reconsideración no fue incluida en el Apéndice de la *Petición de Certiorari*.

[14] Apéndice de la *Petición de Certiorari,* págs. 37- 39.

[15] *Íd.*, págs. 20- 22.

sacando texto fuera de contexto para motivar una descalificación ante sus incumplimientos señalados.

Erró el TPI al descalificar cuando no existen los elementos requeridos de conflictos y/o expresiones soez, indecorosas, vulgares que constituyan faltas a la autoridad judicial de no respetar órdenes y directrices ni al respecto cívico en comparecencias e interacciones.

El día siguiente, el 24 de abril de 2023, pronunciamos una *Resolución* en la cual se concedió un tiempo perentorio de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen recurrido.

Ese mismo día, **PR ASSET PORTFOLIO 2013-1 INTERNATIONAL, LLC; PR ASSET PORTFOLIO 2013-1 INTERNATIONAL SUB II, LLC (PR ASSET)** presentó una *Moción de Desestimación de "Petición de Certiorari" y en Oposición a Expedición del Auto de Certiorari*. Propuso que los señores **QUIÑONES** remitieron fuera del intervalo correspondiente la notificación del presente recurso, debidamente sellado y firmado. Puntualizó que la notificación debió realizarse el 13 de abril de 2023, y, al contrario, fue notificado en varias partes culminando con la última página del escrito el 14 de abril de 2023 a las 6:30 de la mañana.

El 25 de abril de 2023, el **BPPR** presentó *Escrito de Banco Popular de Puerto Rico en Respuesta a Recurso de Certiorari*. Expuso sus argumentos y solicitó confirmar la *Resolución*. Precisamente, comunicó que este Tribunal no tenía jurisdicción para atender el recurso, toda vez que la *Resolución* que impugnan los señores **QUIÑONES** no es la determinación concerniente a la descalificación del señor **MARTÍNEZ GARCÍA**, por lo que es tardío. Por ello, el 27 de abril de 2023, intimamos una *Resolución* concediéndole a los señores **QUIÑONES** un tiempo perentorio de diez (10) días para exponer su posición sobre la solicitud de desestimación del recurso.

Así, el 2 de mayo de 2023, los señores **QUIÑONES** presentaron *Moción en Cumplimiento de Orden y Solicitando Prórroga por Estar Fuera de PR para Cumplir a Cabalidad con Órdenes Emitidas*. Junto a su comparecencia, anejaron documentos para acreditar la notificación a las partes. Sostuvieron

que el envío de la notificación por correo electrónico en horas de la noche, por las limitaciones de velocidad del sistema de internet, y con el proceso de digitalización, al ser un apéndice voluminoso causaron el atraso. Además, que el período para notificar un recurso a las partes es de cumplimiento estricto y no uno jurisdiccional.

El 4 de mayo de 2023, promulgamos *Resolución* declarando no ha lugar a la *Moción de Desestimación* presentada el 24 de abril de 2023 por **PR ASSET**. Entonces, el 5 de mayo de 2023, **MARGARITA MESTRE DÍAZ (t/c/p MARGARITA M. QUIÑONES); ISRAEL QUIÑONES MESTRE; WANDA G. QUIÑONES, KARINA G. QUIÑONES** y **VERÓNICA G. QUIÑONES** presentaron una *Moción en Cumplimiento de Resolución* en la cual expusieron que la *Petición de Certiorari* no cumplió con la Regla 34 (e)(a), al no incluir en el apéndice la contestación a la *Tercera Demanda Enmendada*.

De igual manera, el 8 de mayo de 2023, **CARL LEYVA, MARIBEL ROMERO Y LA SOCIEDAD LEGAL DE GANANCIALES** (matrimonio **LEYVA-ROMERO**) **Y OTROS** presentaron *Moción en Cumplimiento de Orden* por entender que el señor MARTÍNEZ GARCÍA cometió actos disruptivos, antiéticos y de comportamiento errático a todas las representaciones legales de las partes, que impulsaron su descalificación.

El día 18 de mayo de 2023, los señores **QUIÑONES** presentaron su *Oposición a "Escrito de Banco Popular de Puerto Rico en Respuesta a Recurso de Certiorari"*. En lo concerniente, imploraron que se declarara no ha lugar el escrito de **BPPR**. En la misma fecha, los señores **QUIÑONES** presentaron una *Reacción a "Moción en Cumplimiento de Resolución" Presentada por Margarita Mestre Díaz, et. als.,* en la cual reiteraron su súplica. También, los señores **QUIÑONES** presentaron su *Oposición a "Moción de Desestimación de 'Petición de Certiorari' y en Oposición a Expedición del Auto de Certiorari" Presentada por PR Asset Portfolio 2013-1 International, LLC. Et. als.* en la cual afirmaron que tanto su escrito como el apéndice cumplen a cabalidad con la Regla 40 del *Reglamento del Tribunal de Apelaciones*. En relación a la

notificación del recurso, aseveraron que iniciaron la notificación el mismo día en horas de la anoche. Al mismo tiempo, presentaron una *Oposición a 'Moción en Cumplimiento de Orden' presentada por Carl Roy Leyva Ramos, et. als.*

Una semana después, el 25 de mayo de 2023, **PR Asset** presentó *Moción de Desglose de "Oposición a 'Moción de Desestimación de Petición de Certiorari' y en Oposición a Expedición del Auto de Certiorari' Presentada por PR Asset Portfolio 2013-1 International, LLC, et als."* **PR Asset** interpeló se ordenará el desglose y devolución del manuscrito. Consecuentemente, formulamos *Resolución* en la cual concedimos un intervalo perentorio de diez (10) días a los señores **Quiñones** para exponer su postura.

En cumplimiento con lo anterior, el 16 de junio de 2023, los señores **Quiñones** presentaron *Moción en Cumplimiento de Orden del 5 de junio de 2023 Notificada el 6 de junio de 2023 para Exponer por Escrito Razones por las Cuales No se Deba Ordenar Desglose de Escritos Presentados el 18 de mayo de 2023.* Manifestaron que **PR Asset** no tenía legitimación activa para pedir el desglose de mociones y clamaron que se declarara no ha lugar la solicitación de desglose.

El 7 de julio de 2023, se concluyó *Resolución* declarando no ha lugar la solicitud de desglose presentada el 25 de mayo de 2023 por **PR Asset**. Además, se apercibió a las partes que no se aceptarían escritos adicionales.

Luego, el 1 de noviembre de 2023, **Margarita Mestre Díaz (t/c/p Margarita M. Quiñones); Israel Quiñones Mestre; Wanda G. Quiñones, Karina G. Quiñones** y **Verónica G. Quiñones** presentaron una *Moción Acompañando Escrito* mediante la cual informaron que la señora Margarita Mestre Quiñones había fallecido. El 11 de enero de 2024, los señores **Quiñones** presentaron *Moción Informando sobre Solicitud de Orden de Sustitución de Parte Ante TPI Conforme a Regla 22.1 (B) PC y Reiterando se Ordene Administración Judicial y Concesión de Remedios Provisionales en Protección del Caudal Hereditario para Preservar Jurisdicción del Caso.*

El 1 de febrero de 2024, los señores **QUIÑONES** presentaron *Moción Informativa al Tribunal General de Justicia que Incide en Caso ante este Honorable Tribunal Apelativo*; el 25 de septiembre de 2024, una *Segunda Moción Informativa al Tribunal General de Justicia que Incide en Caso ante este Honorable Tribunal Apelativo*; y el mismo día, una *Tercera Moción Informativa al Tribunal General de Justicia que incide en caso ante este Honorable Tribunal Apelativo*.[16]

Evaluado concienzudamente el expediente del caso y contando con el beneficio de las comparecencias de todas las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *CERTIORARI*

El auto de *certiorari* es un vehículo procesal utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[17] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[18]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[19] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[20]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas

---

[16] Los escritos fueron presentados ante este Tribunal De Apelaciones, pese a la *Resolución* con fecha de 7 de julio de 2023, en la cual se apercibió a las partes que no se recibirían escritos, salvo que fuere requerido, so pena de la imposición de sanciones. Es menester mencionar que no se impondrán dichas sanciones, toda vez que el recurso será desestimado por falta de jurisdicción, tras su presentación tardía.
[17] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[18] *Íd.*
[19] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[20] *Íd.*

en la Regla 52.1 de las de Procedimiento Civil de 2009.[21] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[22] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[23]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[24]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[25] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

---

[21] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra*.
[22] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[23] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supr*a, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[24] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[25] *Íd.*

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[26]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[27] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[28] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[29] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[30]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[31] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[32]

### - B - *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[33] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[34] Es por ello, que los tribunales deben ser celosos guardianes

---

[26] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez*, *supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[27] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[28] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[29] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[30] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc.*, *supra*.
[31] *García v. Asociación*, 165 DPR 311, 322 (2005).
[32] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[33] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[34] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[35]

Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[36]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[37]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de*

---

[35] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).
[36] *FCPR v. ELA et al., supra*; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).
[37] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101-102 (2020).

*jurisdicción al tribunal al cual se recurre".*[38] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[39]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[40] Una vez un tribunal determina que no tiene *jurisdicción,* "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos". [41] Ello sin entrar en los méritos de la controversia ante sí.

-III-

Como cuestión de umbral, debemos determinar si ostentamos *jurisdicción* para entender en el asunto traído ante nuestra consideración.

El 13 de abril de 2023, los señores QUIÑONES acudieron mediante su *Petición de Certiorari* en la cual impugnan la *Resolución* divulgada el 26 de septiembre de 2022, notificada el 30 de enero de 2023. En su *Petición,* adujeron que la determinación de la descalificación del señor ORLANDO I. MARTÍNEZ GARCÍA fue incorrecta, al cimentar en recomendaciones del Comisionado Especial que son meramente conclusorias y selectivas, sin existir los elementos requeridos para una descalificación.

Surge de nuestro legajo, que el 21 de abril de 2022, el foro de instancia decidió una *Resolución del Tribunal Decretando la Descalificación del Lcdo. Orlando Martínez García como Abogado de los Demandantes en el Caso.*[42] En respuesta, el 25 de abril de 2022, los señores QUIÑONES presentaron una **primera solicitud de reconsideración**.[43] En consecuencia, el 26 de

---

[38] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

[39] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[40] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[41] *Allied Mgmt. Group v. Oriental Bank, supra,* pág. 385.

[42] Apéndice de la *Petición de Certiorari,* págs. 375- 380.

[43] Apéndice de la *Petición de Certiorari,* págs. 354- 372.

septiembre de 2022, el foro apelado concretó la *Resolución* en la cual se declaró no ha lugar la reconsideración y se reiteró la descalificación del señor MARTÍNEZ GARCÍA.

Posteriormente, y disconforme con la anterior determinación, el 12 de octubre de 2022, los señores QUIÑONES presentaron una **segunda solicitud de reconsideración**, en la que alegaron, entre otras cosas, la falta de notificación de la *Resolución* a algunas partes indispensables en el caso.[44] En vista de estas circunstancias, el foro primario ordenó que se actualizara el registro de notificaciones y se notificara nuevamente la *Resolución* despachada el 26 de septiembre de 2022. En cumplimiento con lo anterior, la *Resolución* fue notificada, por segunda vez, el 30 de enero de 2023.

Aun en desacuerdo, el 14 de febrero de 2023, los señores QUIÑONES presentaron una **tercera solicitud de reconsideración**. El 10 de marzo de 2023, se deliberó *Resolución* en la cual se declaró no ha lugar la reconsideración presentada el 14 de febrero de 2023.[45] A nuestro entender, ésta no tuvo el efecto de interrumpir el término prescriptivo para acudir ante este Tribunal de Apelaciones. Ello, toda vez que la segunda moción de reconsideración fue atendida, subsanada su notificación y a partir de ese momento comenzó a decursar los treinta (30) días.

Por ende, tomando como fecha de partida el día de la notificación enmendada de la *Resolución*, es decir, el 30 de enero de 2023, los señores QUIÑONES contaban con un término de 30 días para solicitar la revisión ante este foro revisor, el mismo venció el **29 de febrero de 2023**.

En conformidad con el marco jurídico, debemos colegir que la *Petición de Certiorari* fue presentada tardíamente. Este incumplimiento nos priva de *jurisdicción* para atender la(s) controversia(s) planteada(s). En consonancia, procede la *desestimación* del presente recurso por falta de *jurisdicción*.

---

[44] *Íd.*, págs. 194- 205.
[45] *Íd.*, págs. 16- 19.

- **IV** -

Por los fundamentos antes expuestos, y en conformidad con la Regla 83(C) del *Reglamento del Tribunal de Apelaciones,* ***desestimamos***, por ausencia de *jurisdicción,* la *Petición de Certiorari* encausada el 13 de abril de 2023 por los señores Quiñones; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Juez Cintrón Cintrón concurre con el resultado y hace constar las siguientes expresiones:

"No hay controversia en que este Foro carece de jurisdicción para atender el recurso en los méritos, relacionado a la descalificación del licenciado Orlando I. Martínez García. No obstante, en atención a las particularidades que presenta el caso, instado ante este Foro el 13 de abril de 2023, entiendo se debió disponer del recurso con mayor celeridad. Ello, con el propósito de mover ágilmente la maquinaria judicial, de la cual, propiamente, los puertorriqueños exigen rapidez y diligencia.[1]"

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Véase, por ejemplo, Opinión disidente y concurrente del Juez Presidente señor Hernández Denton en *In re Pagani Padró*, 181 DPR 517, 536 (2011).